# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VIOLET WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-06-457-M |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| COMMISSIONER OF THE SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, appearing *pro se*, commenced this action by filing her Complaint on April 24, 2006, seeking judicial review of an administrative decision of the Commissioner of the Social Security Administration. The matter was then referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

On August 25, 2006, this Court entered an order directing Plaintiff to show within 15 days, or by September 11, 2006, that Plaintiff had served Defendant with process or, alternatively, that there was good cause for Plaintiff's failure to obtain service in accordance with Fed.R.Civ.P. 4(m). As of this date, the court file does not reflect that any responsive action has been taken by Plaintiff to obtain service on Defendant, nor has Plaintiff shown good cause for such failure, requested additional time within which to serve Defendant, or filed a response of any kind to the Court's Order.

Because more than 120 days have elapsed since the filing of the Complaint without service being made upon Defendant, Plaintiff's action is subject to dismissal under

Fed.R.Civ.P. 4(m). The Court's preliminary inquiry under Rule 4(m) is to determine whether Plaintiff has shown good cause for her failure to timely effect service. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). Here, Plaintiff has not demonstrated any cause, much less good cause for her failure. Even though Plaintiff has failed to show good cause, however, the Court must consider whether a permissive extension of time is warranted. *Id*. Considering the factors relevant to this determination, the Court notes that the statute of limitations in 42 U.S.C. § 405(g) may bar Plaintiff from refiling the action. This factor would ordinarily weigh in favor of a permissive extension. In this case, however, the Court has already given Plaintiff notice and additional time to show that service has been effected, but no response has been filed and no further efforts to effect service are reflected in the Court file. Moreover, under 20 C.F.R. § 404.982, Plaintiff may request an extension of time from the Social Security Administration Appeals Council to file her action, although she must show good cause for missing the filing deadline.

Other factors also weigh against a permissive extension. Almost five months have elapsed since the filing of the Complaint, yet other than the issuance of summons the Court file reflects no attempts by Plaintiff to effect service upon Defendant as required by Rule 4(i). Nothing in the record indicates that Defendant has attempted to evade service, and the requirements for effecting service on Defendant in Social Security appeals, although somewhat complex, are well-established.

Considering all relevant circumstances known to the Court, a permissive extension of time to effect service of process does not appear to be warranted.

## RECOMMENDATION

It is recommended that Plaintiff's action be dismissed without prejudice to refiling due to her failure to serve Defendant within the time limits prescribed by Fed.R.Civ.P. 4(m).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of her right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any such objections must be filed with the Clerk of the District Court by October 9th, 2006. *See* LCvR72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 19th day of September, 2006.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE